UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

*JAN 1 3 2005*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| TRACY FATO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 6220 |
| | ) | Judge Holderman |
| AVNET CORPORATE SERVICES | ) | Magistrate Judge Ashman |
| GROUP, WADE SUTTON, | ) | |
| STEVE TEPEDINO AND JEFF BAWOL,) | | |
|     Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL ARBITRATION
## AND TO DISMISS THIS ACTION OR IN THE ALTERNATIVE, TO STAY

Defendants, Avnet, Inc. ("Avnet"), misidentified in the caption of the Complaint as Avnet Corporate Services Group, Wade Sutton, Steve Tepedino and Jeff Bawol (collectively "Defendants"), by their attorneys, Tracy L. Bradford and Christy M. Young of DLA Piper Rudnick Gray Cary US LLP, respectfully move this Court, pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to compel arbitration of the claims asserted in Plaintiff Tracy Fato's ("Plaintiff") Complaint in accordance with her written arbitration agreement with Avnet and to dismiss this action or, in the alternative, to stay this action pending arbitration pursuant to § 3 of the Federal Arbitration Act.[1]

In support of their motion, Defendants state as follows:

---

[1]     Pursuant to the Federal Arbitration Act, a court may stay the proceedings pending the conclusion of the arbitration. In this case, however, all of Plaintiff's claims are covered by the binding arbitration agreement. As such, there is no need for this Court to retain jurisdiction over this matter pending the arbitrator's decision. See U.S. & Int'l Travel & Tours, Inc. v. Tarom-S.A., S.C. Compania Nationala De Transporturi Aeriene Romane, 98 F.Supp.2d 979, 981 (N.D. Ill. 2000).

1.  On February 14, 2000, Plaintiff entered into an agreement with Avnet entitled "Mutual Agreement to Arbitrate Claims" ("Agreement"). A copy of the Agreement is attached hereto as Exhibit A. The Agreement requires that disputes between the parties based on certain claims, including the claims asserted in this action, be submitted to binding arbitration under the auspices of the American Arbitration Association.

2.  Specifically, the Agreement provides:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise. The claims covered by this Agreement include, but are not limited to . . . claims for discrimination and harassment (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, medical condition, handicap or disability) . . . and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance . . . both the Company and I agree that neither of us shall initiate or prosecute any lawsuit . . . in any way related to any claim covered by this Agreement. . . The Panel [of arbitrators], and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement . . .

(Exhibit A)(emphasis added).

3.  On September 24, 2004, despite Plaintiff's express, written commitment to arbitrate, she commenced this action alleging that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act of 1993 by terminating her employment while she was pregnant.

4.  The FAA reflects a strong, well-established, and widely recognized federal policy in favor of arbitration. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941 (1983)(the FAA "is a congressional declaration of a liberal federal policy

favoring arbitration agreements"), accord Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35, 111 S.Ct. 1647, 1652 (1991)(courts are to resolve any doubt as to the existence of an arbitration agreement with an eye toward the "healthy regard for the federal policy favoring arbitration"). It is this policy which underlies the primary purpose of the FAA – to ensure "that private agreements to arbitrate are enforced according to their terms." Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 1256 (1989); accord Moses H. Cone Mem'l Hosp., 460 U.S. at 24, 103 S.Ct. at 941 (the FAA expresses Congress' intent "to mandate enforcement of all covered arbitration agreements").

     5.     Section 4 of the FAA enables a party to invoke the authority of a court to enforce an agreement to arbitrate by compelling a recalcitrant party to arbitrate a dispute. That section provides in pertinent part as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. Accordingly, "courts have no choice but to order arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" CK Witco Corp. v. Paper Allied Indus., 272 F.3d 419, 421-22 (7th Cir. 2001) quoting AT&T Techs., Inc. v. Communications Workers, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419 (1986). Moreover, "[a]ny doubts concerning the scope of arbitrable issues

should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25, 103 S.Ct. at 941.

6. Because the Agreement at issue clearly states that Plaintiff's claims of discrimination relating to sex and medical condition arising out of her employment with and the termination of her employment from Avnet must be submitted to binding arbitration, arbitration of these claims must be compelled and this action dismissed or, in the alternative, stayed.

7. Moreover, even if it were unclear whether Plaintiff's claims were within the scope of the Agreement and thus should be submitted to binding arbitration, which it is not, the Agreement itself nevertheless requires that this action be stayed so that the question of arbitrability can be referred to an arbitrator. See Exhibit A; see also First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 1923 (1995)(in cases where the parties have agreed that the issue of arbitrability should be submitted to arbitration, arbitrators, not courts, have the primary power to decide whether the parties agreed to arbitrate a dispute's merits).

8. The fact that individual Avnet employees are named as defendants in this action does not alter the result. As Avnet employees, Messrs. Wade Sutton, Steve Tepedino and Jeff Bawol are covered by the arbitration clause that binds Avnet. See Exhibit A; see also Hoffman v. Deloitte & Touche, LLP, 143 F. Supp. 2d 995, 1004 (N.D. Ill. 2001)("A nonsignatory may invoke the arbitration agreement when under agency or related principles, the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided.").

For the foregoing reasons, Defendants respectfully request this Court grant their Motion To Compel Arbitration And To Dismiss This Action Or, In The Alternative, To Stay pending

arbitration. Should the Court deny this motion, Defendants request fourteen (14) days to respond or otherwise plead to Plaintiff's Complaint.

**Dated:** January 13, 2005

Respectfully submitted,

**AVNET, INC., WADE SUTTON,**
**STEVE TEPEDINO AND JEFF BAWOL**

By: _____
One of their Attorneys

Tracy L. Bradford (ARDC #6228890)
Christy M. Young (ARDC #6280085)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
(312) 368-4000

CASE NO. _04cv 6220_

ATTACHMENT NO._____

TAB DESCRIPTION_____

EXHIBIT _____A._____

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that differences may arise between Avnet, Inc. ("the Company") and me during or following my employment with the Company, and that those differences may or may not be related to my employment. I understand and agree that by entering into this Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure.

Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act is inapplicable, applicable state law pertaining to agreements to arbitrate shall apply.

I understand that any reference in this Agreement to the Company will be a reference also to all divisions, subsidiaries and affiliates of the Company. Additionally, except as otherwise provided herein, any reference to the Company shall also include all benefit plans; the benefit plans' sponsors, fiduciaries, administrators, affiliates; and all successors and assigns of any of them.

## Claims Covered by the Agreement

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination and harassment (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, medical condition, handicap or disability); claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the section entitled "Claims Not Covered by the Agreement."

Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) in any way related to any claim covered by this Agreement.

## Claims Not Covered by the Agreement

Claims I may have for workers' compensation or unemployment compensation benefits are not covered by this Agreement.

Also not covered are claims by the Company for injunctive and/or other equitable relief including, but not limited to, claims for injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information, as to which I understand and agree that the Company may seek and obtain relief from a court of competent jurisdiction.



EXHIBIT

A

### Required Notice of All Claims and Statute of Limitations

The Company and I agree that the aggrieved party must give written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the event giving rise to the claim; otherwise the claim shall be void and deemed waived even if there is a federal or state statute of limitations which would have given more time to pursue the claim.

Written notice to the Company, or its officers, directors, employees or agents, shall be sent to its President at the Company's then-current address. I will be given written notice at the last address recorded in my personnel file.

The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. The notice shall be sent to the other party by certified or registered mail, return receipt requested.

### Discovery

Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party. Additional discovery may be had only where the panel of arbitrators selected pursuant to this Agreement so orders, upon a showing of substantial need.

At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any expert, and copies of all exhibits intended to be used at the arbitration.

### Subpoenas

Each party shall have the right to subpoena witnesses and documents for the arbitration.

### Arbitration Procedures

The Company and I agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then-current Model Employment Arbitration Procedures of the American Arbitration Association ("AAA") before a panel of three arbitrators who are licensed to practice law in the state where the arbitration is to take place ("the Panel"). The arbitration shall take place in or near the city in which I am or was last employed by the Company.

The Panel shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Federal Rules of Evidence shall apply. The Panel, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. The Panel shall render an award and opinion in the form typically rendered in labor arbitrations. The arbitration shall be final and binding upon the parties.

2

The Panel shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Panel deems necessary. The Panel shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings.

Arbitration Fees and Costs

The Company and I shall equally share the fees and costs of the Panel. Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Panel may award reasonable fees to the prevailing party.

Interstate Commerce

I understand and agree that the Company is engaged in transactions involving interstate commerce and that my employment involves such commerce.

Requirements for Modification or Revocation

This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified by a writing signed by me and an officer of the Company which specifically states an intent to revoke or modify this Agreement.

Sole and Entire Agreement

This is the complete agreement of the parties on the subject of arbitration of disputes, except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

Construction

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.

Consideration

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

Not an Employment Agreement

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of my employment.

## Voluntary Agreement

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

EMPLOYEE

_Tracy M. Fato_
Signature of Employee

_Tracy M. Fato_
Print Name of Employee

_2/14/00_
Date

AVNET, INC.

_Smith Lane_
Signature of Authorized Company Representative

_HR Mgr_
Title of Representative

_3-13-00_
Date

(Rev. 2/95)



4

## CERTIFICATE OF SERVICE

I, Tracy L. Bradford, an attorney, hereby certify that before 4:00 p.m. on January 13, 2005, I caused a copy of the foregoing *Defendants' Motion To Compel Arbitration And To Dismiss This Action Or, In The Alternative, To Stay and Defendants' Notice of Motion* to be served upon counsel of record by messenger to the following address:

> David Miller
> Dykema Gossett Rooks Pitts
> 10 S. Wacker Dr., Suite 2300
> Chicago, Illinois 60606

Tracy L. Bradford

~CHGO1:30531434.v1