

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRACY FATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 04 C 6220 |
| AVNET CORPORATE SERVICES GROUP, ) | Judge James Holderman |
| WADE SUTTON, STEVE TEPEDINO, JEFF ) | Magistrate: Martin Ashman |
| BAWOL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF FILING**

**FILED**
FEB - 8 2005
FEB 8 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: Tracy Bradford, Esq.
Piper Rudnick
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on **February 8, 2005**, we caused to be filed with the United State District Court for the Northern District of Illinois, Eastern Division, **Plaintiff's Response to Defendants' Motion to Compel Arbitration,** a copy of which is enclosed and hereby served upon you.

Respectfully submitted,

By: /s/ D. Miller

On Behalf of Plaintiff, Tracy Fato

David L. Miller – Atty. No.: 6195953
DYKEMA GOSSETT ROOKS PITTS PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606-7407
(312) 876-1700



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB - 8 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TRACY FATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 04 C 6220 |
| AVNET CORPORATE SERVICES GROUP, ) | Judge James Holderman |
| WADE SUTTON, STEVE TEPEDINO, JEFF ) | Magistrate: Martin Ashman |
| BAWOL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

Plaintiff Tracy Fato, through her attorney David L. Miller of Dykema Gossett Rooks Pitts, respectfully submits the following response to Defendants' Motion to Compel Arbitration.

Plaintiff, a former salesperson for Defendants, has filed this complaint against Defendants as a result of her termination from employment after she informed Defendants of her intent to exercise her rights to have a leave of absence under the terms of the Family and Medical Leave Act. Defendants seek to compel Plaintiff to proceed to arbitration based on an arbitration agreement signed between the parties. (See Exhibit A of Defendants' Motion). This is an employer-promulgated plan that Defendants compelled Plaintiff to sign as a condition of her initial employment.

Plaintiff objects to Defendants' motion to compel because Defendants to date have insisted that Plaintiff split the cost of three (3) Arbitrators and the administrative fees. (See Exhibit A of Defendants' Motion. P.3 "Arbitration Fees and Costs") An arbitration agreement is unenforceable if a party would be saddled with prohibitive arbitration costs. <u>Phillips v.</u>

Associates Home Equity Services, 179 F. Supp. 2d 840, 846 (N.D. Ill. 2001). Plaintiff submits that compelling her to pay these costs would render this agreement unenforceable. Plaintiff has begun the investigation to demonstrate that these costs are prohibitive. (See Miller Certification, Paragraph 4, attached hereto.).

Rather than proceed with this investigation, however, which could include interviewing local labor arbitrators, and thus tainting the potential arbitrator pool, Plaintiff submits there is an easy resolution to Defendants' motion. Defendants would merely agree to follow the current Model Employment Procedures of the American Arbitration Association.

This should be an easy solution for the Defendants. Their arbitration agreement provides that "any arbitration shall be in accordance with the then-current Model Employment Arbitration Procedures of the American Arbitration Association ("AAA") before a panel of three Arbitrators." (See Exhibit A to Defendants' motion, page 2).

The current rules for employment disputes before the AAA state that "unless the employee chooses to pay a portion of the Arbitrator's compensation, such compensation shall be paid in total by the employer." (See Exhibit A to the attached Miller Certification, Administrative Fee Schedule, page 12 of 16.). AAA has advised Plaintiff that following its rules, it requires the employer to pay arbitration fees, with a cap of $125 for the Plaintiff. (See Miller Certification Paragraph 3) AAA will not honor the "fee-splitting" language that Defendants thus far seek to enforce in this case.

The AAA has also advised Plaintiff that if Defendants refuse to follow the AAA procedures, including the requirement that the employer pay the Arbitrator's fees, then the AAA would refuse to arbitrate the case. If that occurs, the parties would then return to court. (See Attached Miller Certification).

Accordingly, it appears that AAA will require Defendants to follow its procedures, including the payment provisions. Plaintiff agrees to proceed under those conditions.

If for some reason Defendants refuse to follow AAA procedures, and the AAA declines to administer this case, Plaintiff needs a forum in which to pursue her claim. For these reasons, Plaintiff respectfully requests that this Court should not stay or dismiss this action unless Defendants agree to follow the current AAA rules, including the payment procedures. Any such order should be without prejudice to Plaintiff's rights to pursue her claims in this Court if the AAA declines to administer this case.

Respectfully submitted,

By: /s/ D. Miller

One of the Attorneys for Plaintiff, Tracy Fato

David L. Miller (ARDC No. 6195953)
DYKEMA GOSSETT ROOKS PITTS PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700